By the Court,

Sutherland, J.
The judge erred in rejecting secondary evidence of the execution sent to the deputy on the 31st October, 1820. The notice to the defendant’s attorney was, under the circumstances of the case, sufficiently specific to apprise him that this execution was one of the papers which he was called upon and expected to produce. The notice required him to produce a letter written by the plaintiff to Wilson, in relation to a certain execution in this cause which was produced on the former trial, and also all other papers in his custody or power relating to the matter in controversy in this cause. The defendant’s attorney himself introduced the letter and execution in evidence on the former trial, and when the trial was closed, took them into his possession for the purpose of making a case, in order to move for a new trial. He knew then that his execution was a paper relating to the matter in controversy in this cause ; he did not pretend that *he was misled by the general terms of the notice ; that he was not apprised by it that the execution was wanted : but his excuse for not producing it was, that it was not in his possession or under his control.
Conceding that a notice in general terms to produce all papers in the possession or under the control of a party, relating to a particular cause or controversy, would in general be held to be of no force or effect, still I think the particular circumstances of this case to which I have adverted, would take it out of the operation of such rule. It is true, the plaintiff might have made his notice more specific, but if it was sufficiently specific under the circumstances of the case fairly to apprise the party to whom it was given that this particular paper was wanted, the object of a notice was accomplished. I think the defendant’s attorney could not for a moment have doubted that the execution was *69 the principal paper or document which the plaintiff wished and expected him to produce under the notice. Evidence of its contents should therefore have been received, and the judge erred in rejecting it. On this ground a new trial must be granted.
New trial granted.